BARKETT, Circuit Judge,
Dissenting from the Denial of Rehearing En Banc:
I agree with Judge Tjoflat that en banc review is warranted in this case. Under the panel’s own analysis, its qualified immunity holding cannot be reconciled with the Supreme Court’s decision in Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). In Hope, the Court found that our circuit’s “rigid gloss on the qualified immunity standard,” which required that the facts of previous cases be “materially similar” to those of the case under review, was “not consistent with [the Supreme Court’s] cases.” 536 U.S. at 739, 122 S.Ct. 2508. Intentional governmental discrimination solely on the basis of race has been held to violate the Equal Protection Clause since long before the events that gave rise to this case. The panel found as much in holding in the first instance that
a decision not to create new positions that is based solely upon the race and gender of the next eligible candidates for promotion, in the absence of a valid affirmative action plan, violates the Equal Protection Clause.
Williams v. Consolidated City of Jacksonville, 341 F.3d 1261 (11th Cir.2003), 1269 (emphasis in the original). Once committed to the proposition that Chief Alfred’s action, although “significantly different than the types of discriminatory employment actions we formerly found unlawful,” was “essentially an intentionally discriminatory race-and-gender-based employment decision,” id. (emphasis added), Hope requires that we consider his action to be a violation of clearly established law.
Moreover, if the panel’s first holding is correct — that is, that a decision not to create a position for racial reasons violates equal protection — then that law seems to have been clearly established in Yeldell v. Cooper Green Hospital, 956 F.2d 1056 (1992). In Yeldell, we found that an employer’s alleged decision not to create a position for which a temporarily employed white candidate would have been eligible until a black candidate could be found for the job would violate clearly established law. Id. at 1064-65. As both the panel and Judge Tjoflat suggest, a decision not to create a position solely on the basis of race or gender would not fall afoul of the Fourteenth Amendment if undertaken pursuant to a valid affirmative action plan. Assuming that this exception is not at issue, Yeldell would seem to control here.
Whether the facts of Yeldell or, indeed, of this case, should be reconsidered to determine whether they implicate a valid affirmative action plan is another matter, and would itself have been worthy of en •banc review.